IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALLEN M.,[1] | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:17-cv-266 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | By: Elizabeth K. Dillon |
|    Commissioner of Social Security, | ) |     United States District Judge |
| | ) | |
|    Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Allen M. (Allen) brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision finding him not disabled and therefore ineligible for disability insurance benefits (DIB) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 16.)

Allen timely filed written objections (Dkt. No. 17), and the commissioner filed a response (Dkt. No. 18). After reviewing the pertinent portions of the record, the report, and the filings by the parties, the court concludes that Allen's objections merely repeat the arguments he made in his brief before the magistrate judge and thus fail to trigger de novo review. The court rejects these rehashed arguments, and it will adopt the magistrate judge's recommendation in full.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

Accordingly, defendant's motion for summary judgment will be granted, plaintiff's motion for summary judgment will be denied, and the court will affirm the commissioner's decision.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R. & R. 2–3, Dkt. No. 16.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."

2

*United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

## B. Allen's Objections

Allen raises two objections to the report, and both are "rehashed objections" that the *Heffner* and *Felton* courts concluded may be rejected. *See id.* That is, Allen made the same arguments in his summary judgment briefing before the magistrate judge. (*Compare* Pl.'s Objs., Dkt. No. 17 *with* Pl.'s Br. Supp. Mot. Summ. J. 8–13, Dkt. No. 13.) As noted, the court properly rejects the objections on that basis. Furthermore, even if the court were to consider the objections de novo, it would conclude that the magistrate judge's reasoning is correct and the ALJ's determination is supported by substantial evidence.

In his first objection, Allen contends that the ALJ erred by concluding that his visual impairment is not severe and does not have a greater than minimal effect on his ability to work.

3

(Pl.'s Objs. 1.) In particular, Allen argues that Dr. Randolph's treatment did not completely eliminate his visual impairment because he reported seeing different colors and saw letters that appeared curvy in his May 2014 examination. (*Id.* at 2.) This mirrors Allen's briefing in support of his motion for summary judgment before the magistrate judge in which he noted seeing different colors and that his "visual acuity was noted as affected at all distances" in his May 2014 examination. (Pl.'s Br. Supp. Mot. Summ. J. 10.) Based on this, he argued that the improvement in his vision was not significant enough to find that he did not suffer from a severe impairment. (*Id.* at 10–11.) The report considered the ALJ's analysis that Allen's symptoms—including the "'wavy' letters [and] color distortion"—were mild and only caused a slight abnormality with minimal effect on his ability to work. (R. & R. 6.) And the magistrate judge correctly concluded that Allen's subjective belief about the severity of his visual impairments was not supported by the objective medical evidence. (*Id.* at 7.)

Allen's second objection is that the ALJ also erred by failing to "properly weigh and evaluate the November 2013, examining source opinion from Dr. Humphries." (Pl.'s Objs. 2.) This is the same argument Allen made before the magistrate judge. (*Compare* Pl.'s Objs. 2 *with* Pl.'s Br. Supp. Mot. Summ. J. 11–14.) Additionally, the report addresses Allen's argument that the ALJ did not properly consider all the evidence. (Pl.'s Objs. 3.) The magistrate judge recognized both that Fourth Circuit precedent requires the ALJ to explain what record evidence supports his conclusion and that the ALJ satisfied this standard because he discussed Allen's medical history and the medical opinions in detail before concluding that Dr. Humphries's opinion should be given less weight. (R. & R. 11–12.) Moreover, as noted in the report—and contrary to Allen's assertions—the ALJ explained why he was not adopting the limitations suggested by Dr. Humphries. (*Id.* at 8 (citing R. 23).) As such, substantial evidence supported

the ALJ's decision to give the weight he did to Dr. Humphries's opinion when "the objective medical evidence did not support Dr. Humphries's standing and walking restrictions." (*Id.* at 12.) The court agrees with this analysis.

### III. CONCLUSION

After reviewing the pertinent portions of the record, the report, and the filings by the parties, the court concludes that Allen's objections merely repeat the arguments he made in his brief before the magistrate judge and thus fail to trigger de novo review. Even if the court were to review de novo, the court rejects these rehashed arguments. It will thus deny Allen's motion for summary judgment, grant the commissioner's motion for summary judgment, and affirm the commissioner's decision.

An appropriate order will be entered.

Entered: September 25, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge